JOHN J. JOYCE, Appellant, *v.* WALTER C. LEYLAND and Others, Defendants, Impleaded with LEWIS J. HAMMOND, Respondent.

Third Department, May 6, 1925.

Mortgages — foreclosure — surplus money — priority between second mortgage and judgment — evidence shows that second mortgage to secure three notes was executed March 1, 1922, and recorded April 24, 1922 — judgment was entered March 10, 1922 — mortgage is entitled to priority as to full amount.

In proceedings to determine the priority to surplus money in a mortgage foreclosure proceeding between a second mortgage executed on March 1, 1922, and recorded on April 24, 1922, and a judgment entered on March 10, 1922, the mortgage which was given to secure three promissory notes is entitled to priority for the full amount thereof and should not be denied priority as to the third note which was given for an immediate loan, notwithstanding the check therefor was not cashed until after the judgment was entered, for the evidence clearly establishes that the mortgage was executed, acknowledged and delivered on March 1, 1922.

APPEAL by the plaintiff, John J. Joyce, from a final judgment of the Supreme Court in favor of the defendant Hammond, entered in the office of the clerk of the county of Saratoga on the 6th day of October, 1924, upon the decision of the court rendered after a trial at the Washington Special Term, in so far as said judgment determines the validity of contesting liens upon the surplus moneys in a mortgage foreclosure action.

*Robert Frazier*, for the appellant.

*Beecher S. Clother*, for the respondent.

McCANN, J.:

This action was brought to foreclose two mortgages. No issue was raised as to the first mortgage. By stipulation the premises were sold and a surplus of $921.25 was realized on the sale and held by the referee subject to a determination by the court as to whether the lien of the second mortgage included in the action which was dated March 1, 1922, and recorded April 24, 1922, was prior to or subsequent to a lien of a judgment recovered on March 10, 1922, by the defendant Lewis J. Hammond against the owner of the mortgaged premises. The issue was tried at Special Term and judgment rendered against the plaintiff and in favor of the judgment creditor, and it was adjudged that the surplus be paid to the judgment creditor. The appeal is from that portion of the judgment which determines that the second mortgage was not a prior lien on March 10, 1922, on the property described in the complaint

and that the judgment recovered by defendant Hammond was a lien at that time prior to plaintiff's second mortgage. The appeal is also from such part of said judgment as directs the payment of such surplus moneys to the defendant Hammond or his attorney. The questions involved are principally of fact. The judgment appealed from is against the weight of evidence. The plaintiff's second mortgage is dated March 1, 1922. The certificate of acknowledgment bears the same date. The attorney who prepared the mortgage and took the acknowledgment testified that the mortgage was signed, acknowledged, delivered and the consideration paid on that date. The mortgage, however, was not recorded until April twenty-fourth while the judgment in question was entered on March 10, 1922. The testimony as to the execution, acknowledgment and delivery is that of the witness James M. Noonan who acted as attorney and notary public on the occasion of the transactions mentioned. He testified that the mortgage was given to secure three notes, two of which were for $850 each made by Leyland to Joyce and payable at the First National Bank of Mechanicville, N. Y. In addition thereto Leyland owed Joyce about $115, and a third note was given for $900, the consideration for which was the past indebtedness of $115 and a check given by the defendant Leyland payable to the order of Noonan as attorney for $785.50, making a grand total of $2,600. The three notes are recited in the mortgage. Noonan also testified that from this amount of money paid to him he paid a judgment against Leyland and also paid certain claims owing by the latter. The court found in favor of the first two notes mentioned but refused to make a finding with reference to the balance, according to the testimony of witness Noonan. The court made a finding of fact that the three notes in question were merged into one note for $2,600 on April 21, 1922, all made payable at the First National Bank of Mechanicville. Mr. Noonan also testified that the mortgage after its execution and on the same day was delivered to the plaintiff, who later returned it to Mr. Noonan for the purpose of being recorded. This testimony is corroborated by that of Mr. Robert G. Moore, the cashier of the bank mentioned, who testified to the same facts with reference to the amount of the notes given by Leyland to plaintiff and further that these notes were later merged into a single note for $2,600. Respondent urges that according to the testimony of Moore there were but two notes in existence until April 21, 1922. That may be true as to the bank transaction. Moore testified that one note for $850 came due on April eighteenth and one for $850 on April nineteenth and that on April twenty-first a new note was given for $2,600, which included

one of $900. This is entirely consistent with the story of witness Noonan. The main contention of the judgment creditor Hammond is based on the records of the bank which show that the check for $785 was not given to Noonan until March 17, 1922, and was not deposited to the credit of plaintiff until March 18, 1922. From the bank records, respondent claims we must conclude that the transaction was not closed until March 17, 1922. The defendant insists that the true date of the check was March 17, 1922. Plaintiff and defendant were both in court but were not able to produce the check in question in order to prove its date. The testimony of plaintiff as given in proceedings supplementary to execution in the action of *Hammond* v. *Leyland* shows that he took a mortgage from Leyland some time in January or February. This may or may not have been the same mortgage in question; therefore, there may or may not have been a mistake on the part of the witness in so testifying. Criticism is also made of the testimony given by Joyce on the same hearing to the effect that he gave his lawyer at that time one check for $1,000 and another for $1,600. As a matter of fact he gave his counsel two notes aggregating $1,700 and a check for $785 instead of $1,000. These discrepancies are explainable. The figures were given approximately and the witness does not presume to testify as to the exact amounts. The respondent also emphasizes the fact that the original check was not produced, but the witness testified that it was his custom to destroy his checks. Little weight, however, can be given to the argument that the check was not deposited until seventeen days after its purported date. It is a matter of common knowledge that checks are frequently carried for some length of time before actual deposit and that mortgages are frequently, even if improperly, held from record for long periods of time after execution. No relationship can be claimed between the deposit of the check and the recording of the mortgage. The deposit was made over a month before the recording. This is no coincidence from which any inference may be drawn. The presumption of law, together with the testimony of witness Noonan, furnishes the weight of evidence which overcomes that presented by the defendant and there is no logical reason presented here why the appellant's version is not correct. The testimony of Noonan if believed is sufficient to reverse the finding of the court. He is a disinterested person. The execution, acknowledgment and delivery of the mortgage is proved by his uncontradicted testimony. His notarial certificate and the date on the mortgage are presumptions in favor of the mortgage having been executed on the date which it bears.

The judgment should be reversed on the law and facts and judg-

ment directed in favor of the plaintiff declaring his lien to be superior to that of the judgment creditor and requiring that the balance of the fund retained by the referee be paid to the plaintiff to be applied on the second mortgage set forth in the complaint in this action, with costs to the plaintiff.

All concur.

Judgment reversed on the law and facts, and judgment directed in favor of the plaintiff declaring his lien to be superior to that of the judgment creditor and requiring that the balance of the fund retained by the referee be paid to the plaintiff to be applied on the second mortgage set forth in the complaint in this action, with costs to the plaintiff. The court disapproves of findings of fact numbered fourth and fifth and in place thereof makes findings as follows:

*Fourth.* That said mortgage purporting to be dated and executed on March 1, 1922, was in fact so dated and executed by Walter C. Leyland and Bertha A. Leyland, his wife, and full consideration for said mortgage was paid upon that date and that such mortgage was given to secure past indebtedness of Leyland to Joyce represented by two notes of $850 each, also a past indebtedness of $115 and $785 in cash loaned and advanced March 1, 1922, by Joyce to Leyland and represented by a note given that day for $900.

*Fifth.* That the mortgage, bearing date March 1, 1922, was a valid lien upon said property and prior to the lien of the judgment of the defendant Lewis J. Hammond.